USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/20/09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANDREW ROSARIO,                     :
                                    :    08 Civ. 04369 (RJH) (THK)
                Plaintiff,          :
                                    :    (PRO SE)
        -against-                   :
                                    :
                                    :    REPORT AND
STERLING ENTERTAINMENT, LLC,        :    RECOMMENDATION
                                    :
                Defendant.          :
------------------------------------X
```

**To:** HON. RICHARD J. HOWELL, UNITED STATES DISTRICT JUDGE.
**From:** THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.

Plaintiff Andrew Rosario ("Rosario" or "Plaintiff"), proceeding pro se, filed this action on April 17, 2008, alleging that his former employer, Sterling Entertainment, LLC ("Sterling" or "Defendant") discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The action was referred to this Court for general pretrial supervision and Reports and Recommendations on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72.1(d) of the Southern District of New York Local Civil Rules. Presently before the Court is a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons that follow, the Court recommends that the motion be granted and the case be dismissed with prejudice.

COPIES MAILED
TO COUNSEL OF RECORD ON 4/20/09


**BACKGROUND**

Plaintiff began his employment with Defendant as a Field Producer/Assignment Editor for SportsNet NY, a New York television station, on February 6, 2006. (See Complaint ("Compl.") at 9.) Over the course of the next three months, Plaintiff was reprimanded by his supervisors for making inappropriate comments to a co-worker, failing to adhere to the correct procedures for cataloguing tapes and disks under his charge, and arriving two hours late to an assignment. (See Compl. at 9-11; see also Declaration of Patricia S. Robinson, Esq. ("Robinson Decl.") Exhibit ("Ex.") F at 1.) On May 5, 2006, Plaintiff was placed on probation and informed that his employment would be terminated if he did not modify his behavior. (See Compl. at 12.) Immediately after the meeting, Plaintiff drafted an email to his supervisors stating that he felt the complaints made against him were racially motivated. (See id.) Plaintiff's job performance substantially improved in the intervening weeks and he was officially taken off probation on June 6, 2006. (See id.)

Several weeks later, more issues concerning Plaintiff's conduct came to the attention of his supervisors. (See id. at 14.) Plaintiff was accused of drinking alcohol while working, impermissibly entering the company's suite at Shea Stadium, and obtaining credentials for individuals not associated with the station. (See id.) Despite Plaintiff's attempt to explain the

reasonableness of his actions, Defendant suspended him with pay on July 14, 2006. (See id.) Plaintiff wrote another letter to his supervisors stating that he felt the complaints made against him were racially motivated. (See id.) Defendant fired Plaintiff on July 25, 2006. (See id.)

Plaintiff maintains that "[f]rom the very beginning, an air of racial discrimination was established in the work place." (See id. at 15.) Furthermore, Defendant's failure to combat discriminatory practices allowed for the creation of "fabricated and exaggerated stories . . . told by Caucasian employees" that ultimately cost Plaintiff his job and ruined his career in sports broadcasting. (See id.)

Plaintiff filed complaints with the New York State Division of Human Rights ("DHR") and the United States Equal Employment Opportunity Commission ("EEOC") on May 23, 2007. (See Robinson Decl. Exs. B and D.)[1] On November 30, 2007, the DHR concluded that there was no probable cause to believe that Defendant had engaged in unlawful discriminatory practices. (See id. Ex. F at 1.) Plaintiff filed his Complaint in the instant case on April 17, 2008.

Defendant now moves, pursuant to Federal Rule of Civil

---

[1] Plaintiff's complaint with the DHR was notarized on May 22, 2007. All documents originating from the DHR's offices, however, indicate that the DHR received and filed the Complaint on May 23, 2007. (See id. Exs. D, E, F, and G.)

Procedure (12)(b)(6), to dismiss the Complaint on the grounds that Plaintiff failed to file a discrimination claim with the DHR or EEOC within three hundred days of the termination of his employment.

## DISCUSSION

### I. Standard of Review

Defendants' motion was filed pursuant to Rule 12(b)(6). Although review of a 12(b)(6) motion is typically limited to the pleadings themselves, there are exceptions permitting courts to take into account documents which are attached to, or incorporated in, the Complaint, and, most relevantly, documents of which judicial notice may be taken. The Court is able to decide Defendants' motion under Rule 12(b)(6) since it is only considering the Complaint and documents of which judicial notice may be taken — public records of the DHR and EEOC.[2] See Kavowras v. New York Times Co., 328 F.3d 50, 57 (2d Cir. 2003) (taking judicial notice of a National Labor Relations Board filing); Muhammad v. New York City Transit Auth., 450 F. Supp. 2d 198, 204-05 (S.D.N.Y. 2006) (taking judicial notice of an EEOC charge and agency determination); Lindner v. Int'l Bus. Mach. Corp., No. 06 Civ. 4751 (RJS), 2008 WL 2461934, at *1 n.1 (S.D.N.Y. June 18, 2008) (taking

---

[2] In any event, since Plaintiff was given notice that the motion might be considered under the Rule 56 standards for summary judgment, and was given an opportunity to submit any additional materials he deemed relevant, the motion could also be decided under Rule 56. See Fed. R. Civ. P. 12(d).

judicial notice of an EEOC filing); Evans v. New York Botanical Garden, No. 02 Civ. 3591 (RWS), 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) (taking judicial notice of documents issued by the DHR); Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273, 275-76 (S.D.N.Y. 2002) (citing Leonard F. v. Isr. Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (taking judicial notice of a state administrative proceeding); see also Gager v. Principi, 300 Fed. Appx. 30 (2d Cir. 2008) (Summary Opinion) (affirming Rule 12(b)(6) dismissal for failure to timely file Title VII complaint); Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74 (2d Cir. 2003) (same); Daniel v. Long Island Hous. P'ship, Inc., No 08 Civ. 01455 (JFB)(WDW), 2009 WL 702209, at *4 n.2 (E.D.N.Y. Mar. 13, 2009) (noting that Rule 12(b)(6) rather than 12(b)(1) is the appropriate rule for dismissal for failure to file a timely claim under Title VII).

In deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in [the] plaintiff's complaint, draw inferences from those allegations in the light most favorable to [the] plaintiff, and construe the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (quoting Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). This is particularly true where the plaintiff is proceeding pro se; "[t]he Supreme Court has long held that courts must construe pro se complaints liberally, applying less stringent standards than when

a plaintiff is represented by counsel." Elliott v. Bronson, 872 F.2d 20, 21 (2d Cir. 1989) (per curiam); accord Lerman v. Bd. of Elections in the City of New York, 232 F.3d 135, 140 (2d Cir. 2000) (citing Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 175 (1980) (per curiam) and Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595 (1972) (per curiam)).

## II. Title VII's Timely Complaint Requirement

Defendant argues that Plaintiff's claim is time-barred because he failed to file a complaint with either the EEOC or DHR within the three-hundred-day period required by Title VII. To pursue a judicial remedy for an alleged violation of Title VII, an individual must file a complaint within the time period set forth in Title VII. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S. Ct. 2061, 2070 (2002); 42 U.S.C. § 2000e-5(e)(1). In New York, which has a state agency that has the authority to grant or seek relief with respect to discriminatory employment actions, a plaintiff must file a complaint with the EEOC within three hundred days of the discriminatory act if he wishes to pursue a federal claim. See Morgan, 536 U.S. at 109, 122 S. Ct. at 2070; Pikulin v. City Univ. of New York, 176 F.3d 598, 599 (2d Cir. 1999); Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 307 (2d Cir. 1996). "A claim is time barred if it is not filed within these time limits." Morgan, 536 U.S. at 109, 122 S. Ct. at 2070; accord Williams v. New York City Hous. Auth., 458 F.3d 67, 69-70 (2d Cir. 2006).

The window for filing a complaint with the EEOC is subject to the equitable doctrines of tolling and estoppel. See Morgan, 536 U.S. at 113-14, 122 S. Ct. at 2072; see also Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."). This period "may be equitably tolled, as a matter of fairness, in those 'rare and exceptional circumstance[s]' . . . in which a party is 'prevented in some extraordinary way from exercising his rights.'" Collier v. Boymelgreen Developers, No. 06 Civ. 5425 (SJ), 2008 WL 835706, at *6 (E.D.N.Y. Mar. 28, 2008) (alteration in original) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) and Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)). "The [Second Circuit] has identified three general instances where the doctrine is available: (1) an employer's misleading or fraudulent conduct was the cause of plaintiff's ignorance of causes of action; (2) the employee asserted the claim in the wrong forum; and (3) extraordinary circumstances have prevented the employee from exercising his or her right." Strachova v. Metro. Museum of Art, No. 98 Civ. 8505 (RPP), 1999 WL 566305, at *5 (S.D.N.Y. Aug. 3, 1999) (citing Miller v. IT&T Corp., 755 F.2d 20, 24 (2d Cir. 1985)).

The Supreme Court has made clear that in Title VII cases the

"[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown 466 U.S. 147, 152, 104 S. Ct. 1723, 1726 (1984). Thus, even pro se litigants are bound by the time requirements of Title VII.

### III. Plaintiff's Claims

Plaintiff was fired on July 25, 2006. Three hundred and two days later, on May 23, 2007, he filed complaints alleging race discrimination with both the DHR and the EEOC.[3] Plaintiff has thus failed to meet the time requirements for filing an administrative claim of discrimination. See Morgan, 536 U.S. at 109, 122 S. Ct. at 2070; 42 U.S.C. § 2000e-5(e)(1).

Plaintiff does not claim to satisfy any of the factors identified by the Second Circuit as grounds for equitable tolling. His only explanation for his failure to bring a timely claim is ignorance of the law.[4] Nevertheless, despite the deference granted to pro se plaintiffs, "[m]ere ignorance of the law is, of course,

---

[3] An EEOC charge is deemed filed on the day it is received by the EEOC. See Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325-26 (2d Cir. 1999); Dauer v. Verizon Communications, Inc., No. 03 Civ. 05047 (PGG), 2009 WL 691464, at *2 (S.D.N.Y. Mar. 17, 2009).
[4] After Defendant filed its motion to dismiss, Plaintiff sent a letter to the Court stating that "I was instructed by my attorney at the time . . . that I had not exceeded the time needed to file my grievance . . . . After the EEOC ruling, I was informed I could file a federal lawsuit within 90 days." (Plaintiff's November 26, 2008 Letter to the Court.)

insufficient to delay the accrual of the statute of limitations." Ormiston v. Nelson, 117 F.3d 69, 72 n.5 (2d Cir. 1997); see also Kantor-Hopkins v. Cyberzone Health Club, No. 06 Civ. 643 (DLI) (LB), 2007 WL 2687665, at *6 (E.D.N.Y. Sept. 10, 2007) ("[N]either filing charges as a pro se litigant nor having limited experience with the law is a valid reason for equitable tolling."); Francis v. Miller, 198 F. Supp. 2d 232 (E.D.N.Y. 2002) (finding that a pro se habeas corpus petitioner's limited education, ignorance of the law and legal procedure, and inability to afford counsel did not warrant equitable tolling).

Accordingly, Plaintiff's claim must be dismissed because he filed his administrative complaint of discrimination after the expiration of the three-hundred-day limitations period required by Title VII. See Hurd v. New York City Health and Hosp. Corp., No. 07 Civ. 3073 (JSR), 2008 WL 2127659 (S.D.N.Y. May 20, 2008) (dismissing Title VII claim when pro se plaintiff missed statutory filing period by two days); Nelson v. Ashcroft, No. 00 Civ. 9485 (AKH), 2003 WL 22004884 (S.D.N.Y. Aug. 22, 2003) (same).

## CONCLUSION

For the reasons set forth above, the Court recommends that Defendant's motion be granted and that Plaintiff's Complaint be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from

the service of this report, with extra copies delivered to the chambers of the Honorable Richard J. Howell, United States District Judge, 500 Pearl Street, New York, N.Y. 10007 and to the chambers of the undersigned at the same address. Any requests for an extension of time for filing objections must be directed to Judge Howell. Failure to file objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140, 147-48, 106 S. Ct. 466, 471 (1985); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, 219 F.3d 162, 174 (2d Cir. 2000); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully submitted,

_____

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: April 17, 2009
       New York, New York